Filed 2/5/14  P. v. Bray CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059821 |
| v. | (Super.Ct.No. FBA04809) |
| MAURICE BRAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Maurice Bray is serving a term of 23 years and four months, plus 125 years to life, after a jury convicted him of multiple counts stemming from an armed bank robbery.  Defendant appeals from the trial court's order denying his motion to recall his

1

sentence under the Three Strikes Reform Act of 2012, also known as Proposition 36. (Pen. Code, § 1170.126).[1]  As discussed below, we affirm.

On March 11, 1998, defendant and two accomplices donned masks and robbed a bank at gunpoint.  They were arrested later that day.  A jury convicted defendant of three counts of second degree robbery (§ 211), five counts of assault with a firearm (§ 245, subd. (a)(2)), and one count of being a felon in possession of a firearm (§ 12021, subd. (a)(1)).  The jury also found true as to each of the robbery counts that defendant used a firearm during a violent felony (§ 12022.53, subd. (b)) and as to each of the assault counts that he used a firearm during the commission of a felony (§ 12022.5, subd. (a).) Finally, the jury found that defendant had two prior strike convictions—for robbery in 1982 and involuntary manslaughter (§ 192, subd. (a)) in 1993.

As a result, on December 3, 1998, defendant was sentenced under the three strikes law to a determinate term of 23 years and four months, to be followed by five consecutive terms of 25 years to life.

On November 6, 2012, the electorate passed Proposition 36.  This ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker.  (§ 1170.126, subd. (f).)  If the trial court determines that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subd. (f).)

---

[1]  All section references are to the Penal Code unless otherwise indicated.

Section 1170.126, subdivision (e)(1) provides, as pertinent here, that a defendant is eligible for resentencing if he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

On August 30, 2013, defendant filed a propria persona petition for resentencing under section 1170.126. The court denied the petition on September 12, 2013, finding that defendant's current commitment offense for robbery is a serious felony under section 1192.7, which makes him ineligible for resentencing under section 1170.126.

DISCUSSION

Defendant timely appealed from the trial court's denial of resentencing and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record. The only arguable issue presented by defendant's counsel was whether the trial court erred by denying defendant's petition for resentencing pursuant to section 1170.126.

Robbery is a serious felony. (§ 1192.7, subds. (c)(19).) Accordingly, defendant is not eligible for resentencing pursuant to section 1170.126, subdivision (f).

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

KING
J.

4